IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:                            *

                               *       CASE NUMBER

HORIZON SHIPBUILDING             *       17-04041

                               *

Debtor.                       *

**OBJECTION TO CLASSIFICATION OF CLAIM NO. 54 FILED BY MAXUM RESOURCES, LLC AS PRIORITY CLAIM**

Debtor in Possession objects to the classification of Claim No. 54 filed by Maxum Resources, LLC on October 13, 2020 for $14,008.17 consisting of the amount of $13,733.50 alleged to be entitled to priority status based on wages paid by Maxum Resources, LLC to Jose Anguizola plus $274.72 in commissions and allowing the same as an unsecured claim and in support states as follows:

1. The basis of the claim is wages paid by the claimant to Jose Anguizola who claimant supplied to the Debtor for the pay periods invoiced on 7/11/17, 7/19/17, 7/25/17, 8/1/17 and 8/8/17 (priority) plus 2% commissions totaling $274.72 to Maxum.

2. Prior to the filing of this claim and on 4/2/2018, Claimant filed an unsecured claim, Claim No. 40 in the amount of $15,532.59. The basis of Claim No. 40 was wages paid to the same employee, Jose Anguizola, of $13,733.50 plus interest on the unpaid balance. Claim No. 54 is for the Claimant supplying Debtor with the same employee for the same period as described in Claim No. 54 without the addition of 2% commission but adding interest claimed by Maxum. Claim No. 40 was not classified by Claimant as a priority claim.

3. Claim No. 54 does <u>not</u> allege it amends Claim No. 40.

4. None of the Claimant's Claim No. 54 is entitled to priority status because a provider of employees to an employer who subsequently files a Chapter 11 proceeding becomes a Title II Debtor is entitled to a 507(a)(4) priority status. In re: Mel-Hart Products, Inc., 156 B.R. 606, (Brktcy, E.D. Ark, 1993) ("Sunmark argues that it is entitled to a priority claim because it is an assignee of the employees since it paid the employees' wages and, as assignee, it succeeds to the priority of the assignor... Sunmark was providing services to the debtor under a Service Contract. Therefore, Sunmark is not entitled to a third priority claim for wages under 11 U.S.C. §507(a)(3) [currently §507(a)(4)]...)." None of Claim No. 54 is entitled to priority status.

5. By separate objection Debtor in Possession is seeking to disallow that portion of Claim No. 40 seeking recovery of the same $13,733.50 in wages paid by Claimant to Jose Anguizola it supplied to Debtor in Possession. Therefore, claimant is entitled to an allowed unsecured claim for the $13,733.50 in this Claim No. 54 plus the 2% commission and is entitled to the recovery of the interest amount claimed in Claim No. 40.

Wherefore, Debtor in Possession requests this Court to sustain its objection and allow Claim No. 54 of Maxum Resources, LLC, as a general unsecured in the amount of $14,008.17.

/s/ Irvin Grodsky
IRVIN GRODSKY
Attorney for Horizon Shipbuilding, Inc.
Post Office Box 3123
Mobile, Alabama 36652
(251) 433-3657

## CERTIFICATE OF SERVICE

On this _4th day of March 2026, I hereby certify that the above and foregoing document has been served on the following and all other persons who have requested electronic notice of filings in this bankruptcy:

Maxum Resources, LLC
broc@maxumllc.com

Maxum Resources, LLC
1307 Tool Drive
New Iberia, LA 70560

Mark Zimlich BANKRUPTCY ADMINISTRATOR
mark_zimlich@alsba.uscourts.gov

Maxum Resources, LLC
cmrush@charlesmrushesq.com

Maxum Resources, LLC
202 Magnate Drive
Lafeyette, LA 70508

/s/Irvin Grodsky
IRVIN GRODSKY